**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REJEANNE BERNIER,<br><br>        Plaintiff - Appellant,<br><br>  and<br><br>HANS S. CORTEAU,<br><br>        Plaintiff,<br><br>  v.<br><br>JOCELYN G. CROTEAU, AKA Jessie G. Croteau; PAUL M. KING; ROYAL ELECTRIC, INC., a California corporation; et al.,<br><br>        Defendants - Appellees. | No. 11-55058<br><br>D.C. No. 3:10-cv-01698-LAB-POR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 24, 2013[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Rejeanne Bernier appeals pro se from the district court's order dismissing her 42 U.S.C. § 1983 action against certain defendants with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Am. Soccer Co., Inc. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999), and we vacate.

On December 1, 2010, Bernier filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). The filing of the notice of voluntary dismissal automatically terminated the action, "leav[ing] no role for the court to play." *Am. Soccer Co.*, 187 F.3d at 1110. Accordingly, we vacate the district court's order filed on December 7, 2010 granting the pending motions to dismiss and dismissing with prejudice Bernier's claims against the defendants who had filed those motions because the filing of the notice of voluntary dismissal should have resulted in a dismissal of the entire action without prejudice. *See* Fed. R. Civ. P. 41(a)(1).

Bernier's request for a stay is denied.

Appellee King and Royal Electric, Inc.'s request for judicial notice is denied as unnecessary.

The parties shall bear their own costs on appeal.

**VACATED.**